UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COLIN ANTHONY ABSOLAM,

                               Petitioner,

                                                                  Case # 20-cv-6029-FPG

v.

                                                                      DECISION AND ORDER

WILLIAM P. BARR, et al.,

                               Respondents.

## INTRODUCTION

Petitioner Colin Anthony Absolam brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. §§ 1651 & 2241, challenging his continued detention at the Buffalo Detention Facility. ECF No. 1. Respondents William P. Barr, Kenneth Cucinelli, and the Field Office Director of ICE are the alleged custodians of Petitioner. Presently before the Court is Petitioner's emergency motion for a stay of removal. ECF No. 2. Petitioner alleges that the government intends to remove him from the United States within the next several days, and he requests a stay of removal until his appeal of his motion to reopen is decided by the Board of Immigration Appeals ("BIA"). Because the Court lacks jurisdiction to consider Petitioner's motion, the motion is DENIED and the Petition is DISMISSED.

## BACKGROUND

The following facts are drawn from the parties' submissions. Petitioner is a citizen of Jamaica and was a legal permanent resident of the United States. In 1997, he was convicted of murder in the second degree (New York Penal Code § 125.25(1)) and sentenced to a term of imprisonment of 25 years to life.

On October 24, 2006, while serving his prison term, Petitioner was served with a Notice to Appear, charging him with two grounds of removability under Section 237(a)(2)(A)(iii)

Immigration and Nationality Act ("INA"): (1) having been convicted of an aggravated felony for a crime of violence for which he received a sentence of at least one year imprisonment; and (2) having been convicted of an aggravated felony relating to and being convicted of an aggravated felony, i.e. a "murder, rape, or sexual abuse of a minor." 8 U.S.C. § 1101(a)(43)(A). An immigration judge ordered Petitioner removed from the United States on May 9, 2007. Petitioner did not appeal the removal decision.

On October 28, 2019, Petitioner was paroled from State criminal custody and transferred to the custody of Respondents at the Buffalo Detention Facility. While detained there, Petitioner came to believe that the grounds for his detention were improper. On November 18, 2019, he filed a motion to reopen his case before an immigration judge, despite recognizing that such a motion was untimely. Petitioner argued that the grounds for his removal were declared unconstitutionally vague under *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018) and that the definition of an aggravated felony—"murder, rape, or sexual abuse of a minor"—is vague and did not apply to his conviction. The immigration judge denied Petitioner's motion to reopen in December 2019, and he appealed to the BIA. Petitioner's appeal of his motion to reopen is pending before the BIA.

Petitioner filed the instant Petition and emergency motion for a stay of removal/temporary restraining order on January 13, 2020.[1] He asks that the Court stay his removal from the United States pending a decision on his motion to reopen before the BIA. Petitioner claims that "his removal to Jamaica is scheduled in the very near future, as recent as no later than January 20th, 2019." ECF No. 1 at 2.

The Court requested that Respondents file a response to the motion by January 16, 2019, and they complied. In their response, Respondents indicate that Petitioner will not be removed

---

[1] Petitioner's application is dated January 6, 2020, but the Court did not receive it for docketing until January 14, 2020, at which time the Court promptly contacted attorneys for Respondents to obtain a response.

prior to January 30, 2020, and as a result, they request additional time to fully brief their arguments. Because, based on the parties' submissions, the Court concludes it does not have jurisdiction to consider Petitioner's motion, no additional briefing is necessary.

## DISCUSSION

The premise of Petitioner's emergency motion is that his underlying order of removal was illegal. *See Andoh v. Barr*, No. 19 CIV. 8016 (PAE), 2019 WL 4511623, at *4 (S.D.N.Y. Sept. 18, 2019) ("As in *Delgado*, the underlying action through whose completion petitioner seeks a stay of removal challenges the underlying order of removal. If resolved in [Petitioner]'s favor, the motion to reopen would have the effect of vacating his underlying order of removal. And [Petitioner], in seeking a stay of the pending removal order until that point, is unavoidably, bringing an indirect challenge to his removal order."). The Court concludes that it lacks jurisdiction over the Petition.

"[V]arious provisions of the INA preclude, or restrict, judicial review of immigration decisions." *Singh v. U.S. Citizenship & Immigration Servs.*, No. 15-CV-1411, 2016 WL 1267796, at *3 (S.D.N.Y. Mar. 30, 2016). One such provision is 8 U.S.C. § 1252(a)(5), which states, "[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter." This provision precludes a district court from entertaining either direct or indirect challenges to a removal order. *See Delgado v. Quarantillo*, 643 F.3d 52, 55 (2d Cir. 2011). By extension, district courts do not have jurisdiction to grant "stays of removal in such cases." *Rodney v. Gonzales*, No. 05 CV 3407, 2006 WL 73731, at *2 (E.D.N.Y. Jan. 10, 2006); *see also Al-Garidi v. Holder*, No. 09-CV-6160, 2009 WL 1439216, at *1 (W.D.N.Y. May 15, 2009) (collecting cases).

3

Another relevant provision is § 1252(g), which strips district courts of jurisdiction "to hear any cause or claim by or on behalf of any alien arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders against any alien under this chapter*."[2] 8 U.S.C. § 1252(g) (emphasis added). The purpose of § 1252(g) is to limit judicial interference in areas of prosecutorial discretion, *Reno v. Am.-Arab Anti-Discrimination Comm.*, 525 U.S. 471, 485 n.9 (1999), and the provision "makes clear that a decision by the Attorney General to 'execute' a final order of removal is not subject to judicial review." *Singh v. Napolitano*, 500 F. App'x 50, 52 (2d Cir. 2012) (summary order). These jurisdictional bars apply to habeas petitions brought under § 1651 and § 2241. *See* 8 U.S.C. §§ 1252(a)(5), (g); *see also Meleance v. Bd. of Immigration Appeals*, 363 F. App'x 765, 766-67 (2d Cir. 2010) (summary order).

By virtue of § 1252(a)(5) and § 1252(g), this Court lacks jurisdiction to consider Petitioner's emergency motion. Petitioner's argument on the merits of his removability is a direct challenge to the removal order, and consequently, this Court lacks jurisdiction under § 1252(a)(5) to consider his argument or to grant a stay of removal on that basis. *See Al-Garidi*, 2009 WL 1439216, at *1. Likewise, to the extent Petitioner challenges his continued detention—an argument premised as it is on his substantive argument against removal—such a challenge

---

[2] Some courts have concluded that, as applied to the particular facts of the case, § 1252(g) was unconstitutional as violative of the Suspension Clause. *See Devitri v. Cronen*, No. 17-11842, 2017 WL 5707528, at *3-5 (D. Mass. Nov. 27, 2017). But, aside from citing the Suspension Clause, Petitioner has not made any such argument here. "Under normal circumstances, removal does not bar a petitioner from filing a post-removal motion to reopen removal proceedings from outside the United States." *Hussein v. Brackett*, Civil No. 18-cv-273-JL, 2018 WL 2248513, at *5 (D.N.H. May 16, 2018) (citing *Santana v. Holder*, 731 F.3d 50, 55–56 (1st Cir. 2013)); *see also Luna v. Holder*, 637 F.3d 85, 96–104 (2d Cir. 2011) (holding that the post-departure bar, 8 C.F.R. § 1003.2(d), may not be applied to prohibit statutory motions to reopen brought by deported noncitizens, and that post-removal motions to reopen process generally are an adequate substitute for habeas). "The risk of removal pending the exhaustion of administrative processes before the BIA therefore typically does not present a risk of violating the Suspension Clause, because the movant retains viable means to pursue relief even after removal." *Barros Anguisaca v. Decker*, 393 F. Supp. 3d 344, 351 (S.D.N.Y. 2019). Petitioner does not argue otherwise.

constitutes an indirect assault on the removal order, and the Court may not review it. *See Essuman v. Gonzales*, 203 F. App'x 204, 211-12 (10th Cir. 2006) (summary order); *Nyemba v. Prendes*, No. CIV-06-772, 2006 WL 3300448, at *4 (W.D. Okla. Oct. 24, 2006) (collecting cases for the proposition that "if the purported detention challenge is, in reality, a challenge to removal, the federal district court has no jurisdiction"); *see also Delgado*, 643 F.3d at 55.

## CONCLUSION

For the foregoing reasons, Petitioner's emergency motion for a stay of removal (ECF No. 2) is DENIED. Given that the Court lacks jurisdiction, the Petition (ECF No. 1) is also DISMISSED.

IT IS SO ORDERED.

Dated: January 17, 2020
      Rochester, New York

                              HON. FRANK P. GERACI, JR.
                              Chief Judge
                              United States District Court