UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

COLIN ANTHONY ABSOLAM,

                              Petitioner,

v.

WILLIAM P. BARR, et al.,

                              Respondents.

Case # 20-cv-6029-FPG

DECISION AND ORDER

## INTRODUCTION

Petitioner Colin Anthony Absolam brought a petition for a writ of habeas corpus and a motion for emergency stay of removal pursuant to 28 U.S.C. §§ 1651 & 2241. ECF Nos. 1, 2. On January 17, 2020, the Court denied Petitioner's emergency stay of removal and dismissed the Petition. ECF No. 6. The Petition challenged Petitioner's final removal order and the Court lacks jurisdiction to review such orders of removal. *See* 8 U.S.C. §§ 1252(a)(5), 1252(g).

Petitioner now moves to proceed *in forma pauperis* in his appeal before the United States Court of Appeals for the Second Circuit. ECF No. 11. He also moves again for a stay of his removal (ECF No. 10) and for appointment of *pro bono* counsel (ECF No. 12). Petitioner appears to have filed these motions in the Second Circuit. For the following reasons, Petitioner's motions are DENIED.

## DISCUSSION

Federal Rule of Appellate Procedure 24 provides that a litigant who wishes to appeal *in forma pauperis* must file a motion in the district court setting forth his inability to pay fees and costs, the claims to redress, and the issues on appeal. Fed. R. Civ. P. 24(a)(1). Petitioner has done so. However, the Court denies Petitioner's motion because the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal would not be taken in good faith. As explained in the Decision

1

and Order, the Court lacks jurisdiction to adjudicate the Petition or the emergency stay of removal. *Accord Galvez v. Sec'y, U.S. Dep't of Homeland Sec.*, No. 05-CV-2836 (ENV), 2010 WL 2653377, at *3 (E.D.N.Y. June 24, 2010) (concluding that the court did not have jurisdiction to adjudicate the petition because it was an attack on Petitioner's final order of removal and certifying "pursuant to 28 U.S.C. § 1915(a) that any appeal from this Memorandum and Order would not be taken in good faith and therefore in forma pauperis is denied for the purpose of any appeal").

Petitioner's motions to stay and for appointment of *pro bono* counsel are also denied. "It is well-settled that the filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." *Independent Living Aids, Inc. v. Maxi-Aids, Inc.*, 208 F. Supp. 2d 387, 392 (E.D.N.Y. 2002) (internal quotation marks omitted).

## CONCLUSION

For the foregoing reasons, Petitioner's motion to proceed *in forma pauperis* (ECF No. 11), motion for a stay of removal (ECF No. 10), and motion for appointment of *pro bono* counsel (ECF No. 12) are DENIED. Although it appears that the motions were filed in the Second Circuit, the Clerk of Court is directed to forward a copy of this Order to the Second Circuit Court of Appeals, pursuant to Federal Rule of Appellate Procedure 24(a)(4).

IT IS SO ORDERED.

Dated: January 28, 2020
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court